BEAM, Circuit Judge,
concurring and, in part, dissenting.
I concur in the result reached by the court. I disagree, however, with the conclusions reached in. Part IIA of the opinion on the standard of review. Thus, in part, I dissent.
The holding “that the circumstances of this case require us to review Aetna’s decision to deny benefits de novo” is, essentially, obiter dictum. Ante at 1265. This is because under any standard of review the district court’s decision must be affirmed given the interpretation we place on the words of the employer’s plan insured by Aetna. Accordingly, we are not at all required to establish a review standard in this case and we should not do so under these particular circumstances since the issue appears to be a matter of first impression in this circuit.
Even assuming that our decision calls for the establishment of a standard of review, the de novo standard adopted is directly contrary to Supreme Court precedent established hi Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).[2] The plan at issue here *1267 specifically gives Aetna broad discretion to construe the terms of the plan. Absent any elements of a “conflict of interest,” any review of Aetna’s acts or decisions would be based upon an unconstrained “abuse of discretion” standard. Id. at 115, 109 S.Ct. at 956. “Of course, if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest [as here], that conflict must be weighed as a ‘facto[r] in determining whether there is an abuse of discretion.’ ” Id. (second alteration in original) (citation omitted). It is difficult, if not impossible, to read this language from Firestone Tire contrary to the “sliding scale” approach — under which the reviewing court always applies an abuse of discretion standard but decreases the amount of discretion given to the administrator’s decision in proportion to the seriousness of the conflict— established by the Fourth, Fifth, Seventh and Tenth Circuits. See Chambers v. Family Health Plan Corp., 100 F.3d 818, 824-27 (10th Cir.1996); Doe v. Group Hospitalization & Med. Servs., 3 F.3d 80, 87 (4th Cir. 1993); Wildbur v. ARCO Chem. Co., 974 F.2d 631, 638-42 (5th Cir.1992); Van Boxel v. Journal Co. Employees’ Pension Trust, 836 F.2d 1048, 1052-53 (7th Cir.1987).
I can find no other circuit that presently applies a de novo review under the circumstances of this or any similar case. In establishing this de novo standard, the court asserts that it is “informed” by the reasoning of the Eleventh Circuit in Brown v. Blue Cross & Blue Shield, 898 F.2d 1556, 1561 (11th Cir.1990). Ante at 1265. It is somewhat difficult to understand how the court has processed information from Brown since the Eleventh Circuit, .said “[w]e therefore hold that the abuse of discretion, or arbitrary and capricious, standard applies to cases such as this one, but the application of the standard is shaped by the circumstances of the inherent conflict of interest.” Brown, 898 F.2d at 1563. Indeed, the court also stated:
While de novo review is an attractive avenue for controlling the exercise of discretion contrary to the interests of the beneficiaries, the application of this strict standard would deny Blue Cross the benefit of the bargain it made in the insuranee contract.
Id. In short, Brown does not support the proposition for which it is advanced by the court. Indeed, no case that I have discovered does so.
Accordingly, while I concur in the result reached by the court, I disagree with its decision to establish a de novo standard of review for this circuit in this case of first impression.

. The conflict in Firestone Tire resulted from Firestone being both the sole source of funding for and the administrator of the ERISA plans at issue while in this case Aetna is both the benefits insurer and the plan administrator. For our purposes in applying Firestone Tire, this is a distinction without a difference. Indeed, since we know nothing of the premium arrangement between Armstrong’s employer and Aetna, it is *1267 possible, if not likely, that Firestone had a more intense conflict of interest than does Aetna in this matter.